FILED
CLERK, U.S. DISTRICT COURT
1/31/2019
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JULIO CESAR DIAZ-BARRIOS, <br> Defendant. | Case No. 2:18-cr-00354-DSF-9 <br><br> ORDER OF DETENTION |

## I.

On January 28, 2019, Defendant Julio Cesar Diaz-Barrios ("Defendant") made his initial appearance in this district on the Indictment filed in the United States District Court for the Central District of California, Case No. 2:18-CR-00354-DSF-9.

Defendant was represented by Pat Harris.

The parties stipulated to a continuance of the detention hearing. The Court continued the detention hearing to January 31, 2019.

///

///

The parties appeared on January 31, 2019 for the detention hearing. Defendant was represented by previously-appointed Pat Harris.

The Court conducted a detention hearing based on a motion by the Government [18 U.S.C. § 3142(e)] in a case allegedly involving a serious risk that Defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)] ("Presumption").

II.

The Court finds that Defendant has not rebutted the Presumption and that no condition or combination of conditions will reasonably assure:

☒ the appearance of the defendant as required;
☒ the safety of any person or the community.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- Reported dual citizenship;
- Living outside of the United States for two years;
- Family ties in Guatemala;
- Ongoing business in Mexico;
- History of similar criminal misconduct;
- Outstanding warrant;
- Defendant left the United States while on supervised release, thereby violating conditions of supervised release.

As to danger to the community:
- Outstanding warrant;

- Nature of charged offense, which includes allegations of being a "stash house operator" and arrested with multiple kilograms of controlled substances and a firearm.

### III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

### V.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal

///

///

///

for the purpose of an appearance in connection with a court proceeding.
[18 U.S.C. § 3142(i).]

Dated: January 31, 2019 \_\_\_\_\_/s/_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE